Dear Mr. Cremaldi:
You have requested our legal opinion as to the canvassing and certification of signatures on a Petition to Amend the Home Rule Charter of the City of Patterson. Specifically, your questions are:
 Should the Registrar of Voters consider the provisions of the Home Rule Charter of the City of Patterson in addition to the rules contained in the Louisiana Election Code in her canvas and certification of signatures on the Petition to Amend the said Charter?
 If the Registrar of Voters does not consider the provisions of the Home Rule Charter for the City of Patterson, then what remedy, if any, is available to the City of Patterson to apply the provisions of the Home Rule Charter to the petition and the signatures thereon?
 If the Registrar of Voters is to apply only the provisions of the Louisiana Election Code, then what are those provisions?
We are in agreement with your legal conclusions that LSA-R.S.18:3 provides the rules for certifying signatures on a petition by the registrar of voters; that the registrar is to determine the sufficiency and authenticity of the signatures on the petition, as required by the Charter, Sec. 6-01 and 7-03; and that the city council has the ultimate responsibility as to certifying the sufficiency of the petition as to form, as required by the Charter, Sec. 6-01 and 7- 03, as more fully explained herein.
Section 7-03 and Section 6-01 of the Charter provides, in pertinent part:
Section 7-03 Amending or Repealing the Charter
 [A] Proposals to amend or repeal this Charter may be made by a four-fifths (4/5) vote of the council membership or by petitions signed by not less than thirty (30%) percent of the total number of registered voters of the city. The procedure and time limits for filing such a petition shall be the same as for an initiative ordinance as provided in the section on "Initiative and Referendum".
(Emphasis added)
Section 6-01 Initiative and Referendum
[T]he initiative power shall be exercised in the following manner:
 The person or persons proposing the exercise of this power shall submit the proposal to the council which shall specify within thirty (30) days, a form of petition for circulation in one or multiple copies as the proposer may desire. The petition shall contain the full text of the proposed ordinance.
 Within ninety (90) days after the form of the petition shall have been specified, the person or persons circulating the petition shall obtain the signatures of at least thirty (30%) percent of the total registered voters of the city.
 The signed petition shall be filed with the council within ninety (90) days of the specification of the form of the petition and, upon filing, the council within seven (7) days thereof shall order a canvas of the signatures through the office of the registrar of voters to determine their sufficiency and authenticity. The canvas shall be completed within thirty (30) days of the order of canvas. If the number of signatures is insufficient or the petition is deficient as to form or compliance with this section, the council shall notify the person or person filing the petition of such insufficiency or deficiency and allow thirty (30) days from said notice for filing of additional papers, at the end of which time the sufficiency and correctness of the petition shall be determined finally.
 Within thirty (30) days after a petition shall have been certified as sufficient and correct by the council, the council shall cause the proposed ordinance, or a summary thereof, to be published in the official journal (Emphasis added).
Likewise, Section 7-03[B] provides for the petition to be certified by the council:
 [B] Within thirty (30) days after a petition shall have been certified as sufficient and correct by the council, the council shall cause the amendment or amendments being proposed, and summaries thereof, to be published in the official journal of the city.
With regard to certification of signatures on a petition, LSA-R.S. 18:3 requires that every petition submitted to a registrar for certification contain the listed requirements therein. And, in determining the number of persons who signed the petition, the registrar is prohibited from including "[a]ny person who has not affixed to the petition his signature and the address at which he is registered to vote or any person whose name does not appear on the registrar's roll of electors."
We have reviewed Attorney General Opinion No. 2001-110 and find some similarity, in that the Charter for the City of Patterson, like the Charter for the City of New Orleans, provides for the council to have the ultimate responsibility in determining whether the petition is in compliance with the form and the provisions of the charter. The registrar's responsibility, as set forth in the charter, is to determine the sufficiency and authenticity of the signatures. The registrar is also bound by R.S. 18:3 in determining the sufficiency and authenticity of the signatures and is specifically prohibited by this law from certifying any signature which does not have the address at which the person is registered to vote or any person whose name does not appear on the roll of electors.
Our specific responses to your questions are as follows:
 The registrar is bound by R.S. 18:3, as discussed above. We do not find that the provisions of the charter as to form apply to the registrar. The council is responsible for proposing certification of the form of the petition, as required by the charter and provided for in R.S. 18:3, and for certifying the petition as to whether it complies with said formalities.
 The remedy available to the City of Patterson is for the council to review the petition as to form and compliance with the charter and R.S. 18:3's formalities to make a determination as to whether the petition is in compliance.
 Again, the provisions to be applied by the registrar are found in LSA-R.S. 18:3, but she is limited in rejecting a signature only in those cases where the signature does not have the address at which the person is registered to vote or where a person's name does not appear on the roll of electors. Although R.S. 18:3 sets forth a form for a petition, it does not authorize the registrar to reject the petition if it does not comply as to form. The charter, however, does authorize the council to certify the form of the petition.
We hope that this opinion sufficiently answers and addresses all of your questions and concerns. If our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
CCF, JR./ARL;mjb